IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KATHY MECHELLE NORTH, | ) | Civil Action No. 3:11-2250-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the undersigned[2] upon motion of Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff seeks an award of $6,435.00 (39 hours of work at $165.00 per hour) in attorney's fees. Plaintiff asserts she is entitled to an award under the EAJA because she was the prevailing party and Defendant's position in the Social Security disability appeal was not substantially justified. ECF No. 26. The Commissioner contends that the Court should deny Plaintiff's motion because the Government's position in this case was substantially justified. Alternatively, the Commissioner argues that if the Court finds that the Commissioner's position is not substantially justified, the Court should direct that any such award be made payable to Plaintiff (not to Plaintiff's attorney). ECF No. 27.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

[2] Pursuant to 28 U.S.C. § 636, Local Civil Rule 83.VII.02 DSC, and the consent of the parties, the case was referred to the undersigned magistrate judge for further proceedings and entry of judgment.



Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable ... both in law and in fact." Pierce v. Underwood, 487 U.S. 552, 565–566 (1988).

This action was remanded to the Commissioner because it was unclear that the ALJ properly evaluated Plaintiff's credibility as it did not appear that he considered all evidence of record. It was also remanded because it was unclear that the ALJ's determination concerning Plaintiff's past relevant work was supported by substantial evidence and correct under controlling law. The Court finds that Defendant cannot carry its burden of showing that its position was substantially justified. Plaintiff is, therefore, entitled to an award of attorney's fees under the EAJA.

Defendant has not challenged Plaintiff's asserted hours or rate of compensation. The Court has, however, reviewed Plaintiff's motion and supporting documentation and finds that the total fee requested, hours expended, and hourly rate are reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

**Based on the foregoing, the Court grants an attorney's fee award to Plaintiff under the EAJA in the amount of $6,435.00. It is ordered that the Commissioner is directed to make the**



**check payable to Plaintiff[3] and to deliver the check to Plaintiff's counsel.**

**IT IS SO ORDERED.**

Joseph R. McCrorey
United States Magistrate Judge

October 2, 2013
Columbia, South Carolina

---

[3] See Astrue v. Ratliff, 560 U.S. 586, 130 S.Ct. 2521, 2524 (2010).

3